# Court of Appeals
# of the State of Georgia

ATLANTA,  March 04, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0360. ISAAC WOODS et al. v. ALLSTATE INSURANCE COMPANY.**

Isaac Woods and Sharon Woods brought an action for breach of contract and other claims against Allstate Insurance Company, which the trial court dismissed. The Woodses filed this timely application for discretionary appeal. Because they had a right of direct appeal, we grant the application.

Under OCGA § 5-6-34(a)(1)(B), a party may file a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35." Given that the order dismissing the complaint disposed of the entire case, it constitutes a final order. See *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (citation and punctuation omitted).  Consequently, the Woodses have a right of direct appeal from that order. See OCGA § 5-6-34(a)(1)(B).

This Court will grant a timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35(j). Accordingly, this application is hereby GRANTED. The Woodses shall have ten days from the date of this order to file a notice of appeal with the trial court, if they have not already done so. See OCGA § 5-6-35(g). The clerk of the trial court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  03/04/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.